CRAWLEY, Judge.
Walter E. Dacheux, Jr. (the “father”), appeals from the trial court’s order granting grandparent visitation to Jerry Pas-chael and Neva Paschael (the “grandparents”). The father and the child reside in Pennsylvania; thus, the father argues, the trial court did not have jurisdiction to grant the grandparents’ visitation. He argues that Pennsylvania, not Alabama, is the proper forum, under the Uniform Child Custody Jurisdiction Act (UCCJA), codified at Ala.Code 1975, § 30-3-20 et seq. Because the record reflects that the Pennsylvania court declined jurisdiction over the grandparent-visitation issue, we disagree with the father’s argument, and we affirm the judgment.
The father and the mother were divorced in May 1995. Pursuant to the divorce judgment, the father was awarded custody of the minor child. In October 1995, the father and the child moved to Pennsylvania, where they still reside.
In May 1998, the mother filed a petition to modify the custody order, and the grandparents filed a motion to intervene to request grandparent visitation pursuant to Ala.Code 1975, § 30-3-4. The mother later withdrew her modification petition, leaving pending in the Alabama court only the grandparents’ motion to intervene to seek visitation rights. At some point, the father instituted an action in the Pennsylvania courts. Meanwhile, he challenged the Alabama court’s jurisdiction.
The record contains ' a communication between the Alabama judge and a Pennsylvania judge about the Alabama judge’s intention to consider the grandparents’ motion. See Ala.Code 1975, § 30-3-27(d) (stating that a court may communicate with the court of another state when determining whether to decline or retain jurisdiction over a matter). The record also contains a “motion to reconsider” directed to the Pennsylvania court, requesting that the Pennsylvania court reconsider its decision to allow Alabama to exercise jurisdiction over the issue of grandparent visitation. The denial of that motion is also in the record. However, the record does not contain the Pennsylvania court’s order declining to exercise jurisdiction over the grandparent-visitation issue.
Under the UCCJA, an Alabama court must first determine whether it has jurisdiction over a custody or visitation dispute. Ala.Code 1975, § 30-3-23. An Alabama court can acquire jurisdiction over a dispute if another state has declined to exercise its jurisdiction over the case and if it is in the child’s best interest that the Alabama court assume jurisdiction. Ala.Code 1975, § 30-3-23(a)(4)a. and (4)b. An Alabama court is encouraged to communicate with the courts of another state when determining whether to retain or to decline jurisdiction. Ala.Code 1975, § 30-3-27(d).
The trial court complied with the provisions of the UCCJA. It communicated with the Pennsylvania court system, determined that that court system wished to decline jurisdiction over the grandparent-visitation issue, and exercised jurisdiction as provided for in § 30-3-23(a)(4)a. The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ„ concur.